# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0254, <u>State of New Hampshire v. Brian O'Neil</u>, the court on January 17, 2019, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Brian O'Neil, appeals his conviction for operating a vehicle at an excessive rate of speed. <u>See</u> RSA 265:60 (Supp. 2018). He argues that the State: (1) failed to present sufficient evidence that he drove at a speed greater than what was reasonable and prudent under the conditions; and (2) failed to prove that the speed exception established in RSA 265:61 (2014) did not apply.

The State contends that the defendant has failed to preserve the issues that he raises on appeal. In support of its argument, the State observes that the defendant: (1) did not move to dismiss the charge at trial; (2) did not file a motion for judgment notwithstanding the verdict; (3) did not argue at trial that "his speed was not greater than reasonable"; and (4) did not argue that the statutory exception set forth in RSA 265:61 applied to him.

We have often explained that the purpose of our preservation rule is to insure that trial courts have an opportunity to rule on issues and to correct errors before parties seek appellate review. <u>See, e.g.</u>, <u>State v. Gross-Santos</u>, 169 N.H. 593, 598 (2017). This requirement is intended to discourage parties who are unhappy with the trial result to comb the record to find an alleged error never raised before the trial court that might support a motion to set aside the verdict. <u>Id</u>.; <u>see</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H 51, 56 (2006) (self-represented parties bound by same procedural rules that govern parties represented by counsel). We have reviewed the record before us and conclude that the defendant did not argue that RSA 265:61, which establishes "speed exceptions" for the use of certain vehicles used in emergency situations, applied to his vehicle.

We will assume, without deciding, that the defendant preserved his challenge to the sufficiency of the evidence that he drove at a speed greater than what was reasonable and prudent under the conditions. To prevail on his challenge, the defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>State v. Candello</u>, 170 N.H. 220, 223 (2017).

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Boggs, 171 N.H. 115, 125 (2018). We consider all of the evidence, and all reasonable inferences therefrom, in the light most favorable to the State. Id. We also assume all credibility resolutions in favor of the State. Id.

The following evidence was presented to the Trial Court (Spath, J.). Chichester Police Officer Wright was "conducting stationary radar" on Route 4 on September 30, 2017, at approximately 9:20 p.m., when he observed the defendant's vehicle traveling at a high rate of speed. The radar unit operated by Wright indicated that the defendant's vehicle was travelling at 72 miles per hour. The posted speed limit in the area was 45 miles per hour. See RSA 265:62 (Supp. 2018) (setting forth criteria for establishment of state speed zones). During his testimony at trial, the defendant stated:

> I didn't know what the speed limit was, I just assumed it was 50, 55. The traffic is normally traveling through there -- even coming here today, Your Honor, I noticed -- I been checking the odometer, the traffic is traveling generally 55 to 60. I'm not justifying it, and I will confess to you right now that I did see the odometer on this particular night, and I got up near 60 and I did slow down.

Viewing the evidence and all reasonable inferences to be drawn from it in the light most favorable to the State, we conclude that the evidence was sufficient to support a finding that the defendant operated his vehicle at an excessive rate of speed on September 30, 2017.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**